UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL BOECKL AND SANDY BOECKL | CIVIL ACTION |
| VERSUS | NUMBER: 13-5945 |
| FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY | SECTION: "C" (3) |

### ORDER AND REASONS

The above-captioned case concerns a Hurricane Isaac flood-loss claim filed by plaintiffs under a Standard Flood Insurance Policy (SFIP) issued by defendant as a "Write-Your-Own" carrier participating in the National Flood Insurance Program. Rec. Doc. 1. Plaintiffs filed this lawsuit alleging failure to pay certain losses identified in their SFIP benefits claim. *Id.* Defendant subsequently filed the motion for summary judgment that is currently before this Court. Rec. Doc. 9. In this motion, defendant argues that the plaintiffs' failure to comply with their SFIP's proof of loss requirement bars recovery of the claimed benefits. The Court agrees.

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the non-moving party bears the burden of persuasion at trial, the party seeking summary judgment must inform the court of the basis of its motion and identify the portions of the record that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2513, 91 L.Ed.2d. 202 (1986). If the moving party meets this

burden, the nonmoving party must designate specific facts in the record showing a genuine issue for trial. *Id.* at 324.

Based on the record evidence and authorities cited by defendant, it is clear that the law and their SFIP required plaintiffs to submit signed and sworn proof-of-loss within 240 days of the losses alleged in this case before any entitlement to benefits could ripen. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387-88 (5th Cir. 2005). A witness swears on defendant's behalf that it has received no proof of loss in support of the benefits claimed in this case. Rec. Doc. 9-6, ¶ 15. The remaining evidence indicates uncertainty at best as to whether any proof of loss was submitted. *See* Rec. Doc. 9-14 at 5; Rec. Doc. 9-15 at 6. Despite being granted an extension of time until May 1 to oppose summary judgment, Rec. Doc. 13, plaintiffs have failed to designate any portion of the record that would create a genuine issue of fact regarding their satisfaction of the proof-of-loss requirement. Summary judgment is therefore warranted.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment is GRANTED. Rec. Doc. 9. Judgment of dismissal with prejudice shall be entered against plaintiffs.

New Orleans, Louisiana, this 16th day of May, 2015

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE