UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL BOECKL AND SANDY BOECKL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5945** |
| **FIDELITY NATIONAL INDEMNITY INSUARNCE COMPANY A/K/A FIDELITY NATIONAL PROPERTY AND CASUALTY COMPANY A/K/A FIDELITY NATIONAL INSURANCE COMPANY** | **SECTION: "C" (3)** |

### ORDER AND REASONS[1]

Before this Court are plaintiffs, Paul Boeckl and Sandy Boeckl's motion for relief from the Order and Reasons issued by this Court on May 16, 2014, pursuant to Fed. R. Civ. P. 60(b)(1). Rec. Doc. 20. The defendant, Fidelity National Indemnity Insurance Company, A/K/A Fidelity National Property and Casualty Insurance Company A/K/A Fidelity Insurance Company ("Fidelity"), opposes. Rec. Doc. 23. Having considered the record, the memoranda of counsel and the law, the Court hereby DENIES plaintiffs' motion.

### I. BACKGROUND and PROCEDURAL HISTORY

The plaintiffs had a Standard Flood Insurance Policy ("SFIP") issued by defendant, a Write-Your-Own ("WYO") Program carrier under the National Flood Insurance Act of 1967 ("NFIA"). This policy had coverage limits of $235,600.00 for Coverage A (building coverage) and $100,000.00 for Coverage B (personal property), with $1,000.00 deductibles for each. Rec. Doc. 18-1. The plaintiffs' lawsuit arises out of the flooding caused by Hurricane Isaac on or about August 29, 2012. Rec. Doc. 1-2. On October 15, 2012, the plaintiffs signed two

---

[1] Haiming Li, a third-year student at Washington University Law School, assisted in the preparation of this Order and Reasons.

1

sworn Proof of Loss forms totaling $87,638.45 and submitted them to defendant. Rec. Docs. 9-6, 9-9. Based on these submissions, the defendant paid plaintiffs a total of $87,638.45. *See* Rec. Doc. 9-10, 9-11, 9-12.

Plaintiffs filed this lawsuit on August 28, 2013, claiming defendant's failure to honor claims for additional Hurricane Isaac-related losses. Rec. Doc. 1-2. Plaintiffs alleged that they had presented these losses to defendant in itemized contractor invoices on January 23, 2013. *Id.*

Defendant removed this case to the federal court on September 25, 2013. Rec. Doc. 1. Plaintiffs and their contractor were deposed in March 2014. Rec. Docs. 9-14, 9-15. Neither could remember specifically filing a sworn Proof of Loss for the claims that had been presented on January 23, 2013. *Id.* On April 7, 2014, the defendant filed a motion for summary judgment alleging that plaintiffs were not entitled to any amounts claimed in this litigation because they failed to submit a timely signed and sworn Proof of Loss, as required under Article VII(J)(4) of the SFIP. Rec. Doc. 9 at 1.

On April 17, 2014, this Court extended the deadline for opposition to defendant's motion for summary judgment to May 1, 2014. Rec. Doc. 13. However, the plaintiffs failed to submit any opposition on that date, and defendant's motion for summary judgment was granted on May 16, 2014. Rec. Doc. 17.

On May 19, 2014, the plaintiffs filed this motion for relief from the Court's order granting summary judgment. Rec. Doc. 20. The plaintiffs contend that their confusion regarding the deadline for opposing summary judgment constitutes mistake, inadvertence and excusable neglect under Fed. R. Civ. P. 60(b) and that there is a genuine dispute of fact as to whether or not they satisfied the Proof of Loss requirement under SFIP. *Id.* Defendant argues

that plaintiffs' justifications for their failure to respond are insufficient to warrant relief under Rule 60(b). Rec. Doc. 23. Additionally, defendant contends that even considering Plaintiff's proposed opposition to the Motion for Summary Judgment, defendant is still entitled to summary judgment on the merits. *Id*.

## II. LAW and ANALYSIS

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." To merit relief under Rule 60(b)(1), a party must show that its failure to file a timely opposition (1) resulted from justifiable neglect and (2) that a fair probability of success on the merits of the case exists if judgment were set aside. *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

**A. Plaintiff's Justifiable Neglect pursuant to Fed. R. Civ. P. 60(b)**

Plaintiffs allege that their "good faith, though mistaken belief that … the deadline for the filing of opposition was extended through May 15, 2014" is an excusable neglect under Rule 60(b)(1). *See* Rec. Doc. 20-2 at 1. In determining whether the moving party has established "excusable neglect" under Rule 60(b)(1) ("mistake, inadvertence, surprise, or neglect"), the district court enjoys considerable discretion. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). The Fifth Circuit held that "gross carelessness" is not enough to justify Rule 60(b) relief and that Rule 60(b) relief will only be provided in "unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985); *see also Oliver v. Pharmacia & Upjohn Co., L.L.C.*, No. 06–5737, 2008 WL 4691626, at *2 (E. D. La. Oct. 22, 2008) (holding gross carelessness is not acceptable excuses for Rule 60(b) relief). In *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076,

3

1083, the Fifth Circuit held that the neglect of the attorney is to be treated as the neglect of the party, for purposes of Rule 60(b).

The negligence of plaintiffs' counsel does not constitute excusable neglect under Rule 60(b)(1). *See Mortland v. Startran Inc.*, 204 F.3d 1114 (5th Cir. 1999) (holding the negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute excusable neglect under Rule 60(b)). Though plaintiffs' counsel has alleged a "good faith, though mistaken belief that … the deadline for the filing of opposition was extended through May 15, 2014" this Court clearly stated at the telephone status conference that the deadline for filing an opposition to defendant's motion for summary judgment was May 1, 2014. *See* Rec. Doc. 20-2 at 1; Rec. Doc. 23 at 4.

Counsel's willingness to confess error is insufficient to persuade the Court to reopen this case. As the Firth Circuit stated in *Pryor*:

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Pryor*, 769 F.2d at 288-89; *see also Steward v. City of New Orleans*, No. 10–942, 2011 WL 3898048, at *4 (E. D. La. Sept. 2, 2011) (holding movant's simply missing the deadline to file opposition motion is not sufficient to disturb the final judgment of court). Counsel's negligence was not excusable under Rule 60(b)(1).

**B. Plaintiffs' likelihood of success on the merits**

"Although plaintiffs do not satisfy the standard for relief under Rule 60(b), the Court must consider their likelihood of success on the merits." *Steward*, 2011 WL 3898048 at *5. Plaintiffs argue that their proposed opposition to summary judgment shows a genuine dispute

of fact regarding whether they fulfilled the Proof of Loss requirement for the amounts they claimed in excess of payments received from defendant, because: 1) their email to defendant should be deemed a signed, sworn statement of the amount claimed under the SFIP, and they attached sufficient information to the email for defendant to evaluate the merit of their claim (substantial compliance); 2) the defendant's denial of their claim is not based on the deficiency of Proof of Loss (waiver); 3) the defendant should be equitably estopped from claiming a proof-of-loss deficiency because it evaluated plaintiffs' claim and denied it rather than rejecting it on the basis of Proof of Loss requirements (equitable estoppel). Rec. Doc. 16.

"Under FEMA regulations, strict adherence is required to all terms of the SFIP". *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998). The SFIP, as set forth in the Code of Federal Regulations, provides that the insured must submit a sworn Proof of Loss, which is the amount the insured is claiming under the policy. *Id.* "[P]rovisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced…[A]n insured's failure to provide a complete, sworn Proof of Loss statement…relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). The sworn Proof of Loss requirement applies with equal force to supplementary claims. *See Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed.Appx. 295 (holding against an insured seeking additional benefit under SFIP, who provided invoices and estimates to its insurer but failed to submitted a sworn Proof of Loss for the additional amounts); *see also Stogner v. Allstate Ins. Co.,* No. 09–3037, 2010 WL 148291 (E. D. La. Jan. 11, 2010) (holding a Proof of Loss is required in order to recover under an SFIP, even for supplementary or additional claims).

In this case, plaintiffs do not allege that they have complied with this requirement. Further, the Fifth Circuit's holding in *Gowland* directly addressed and foreclosed all of the

5

arguments that plaintiffs raise in this motion. *See Gowland*, 143 F.3d at 955, (holding that the theories of substantial compliance, waiver, and equitable estoppel are inapplicable to claims arise under SFIP). Therefore, plaintiffs fail to show that a fair probability of success on the merits, even if judgment were set aside.

Accordingly,

IT IS ORDERED that the plaintiff's Motion for Relief from Order is DENIED. Rec. Doc. 20.

New Orleans, Louisiana this 6th day of August, 2014.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**